UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JESUS D. FUENTES      :
                      :
v.                    :    C.A. No. 20-000111-WES
                      :
PATRICIA COYNE-FAGUE  :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Petitioner Jesus Fuentes filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1). Accompanying the Petition was a Motion to Proceed In Forma Pauperis ("IFP"). (ECF No. 2). The Motion has been referred to me for review. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court is required to examine a Petition, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition…." For the reasons stated below, I recommend that the Petition be DISMISSED WITHOUT PREJUDICE because it is clear from the face of the Petition that Petitioner has failed to exhaust his claims and that the Motion to Proceed IFP be DENIED AS MOOT.

**Background**

In June 2011, a jury found Petitioner guilty of first-degree murder and discharge of a firearm after a trial in Rhode Island Superior Court. State v. Fuentes, 162 A.3d 638 (R.I. 2017). Petitioner received two consecutive life sentences. His appeal to the Rhode Island Supreme Court was denied in June 2017. In the present Petition, Mr. Fuentes states that he filed an Application for Post-Conviction Relief in the Rhode Island Superior Court in September 2017 and that he is "still waiting for the

litigation of the claims." (ECF No. 1 at p. 3.) He indicates that "due to the inordinate delay of (3) years attributable to the state, the Court-appointed counsel and trial justice continued for further hearing…." Id. at p. 9. He further states "adjudicating the grounds in the Post-Conviction remedy, there is no decision made by the Court." Id. at p. 5. In response to the inquiry as to why he did not exhaust state remedies, Petitioner states, "no decision, opinion or order have been made by the trial justice on any ground in the application…." Id. at p. 10.

The instant habeas Petition was docketed on March 5, 2020. Id. at p. 1. Petitioner asserts fourteen grounds in his Petition, and notes that "all grounds listed…[were] presented to the State Court in the application for post conviction relief" and he reiterates that there has been "[n]o court's decision." Id. at p. 27.

**Analysis**

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court is directed to "promptly examine" a habeas petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Id. In this case, dismissal is appropriate at this preliminary review stage because it is plainly apparent from the Petition that Petitioner has failed to exhaust his state remedies. See Randall v. R.I. Superior Court, No. 12-489ML, 2012 WL 3202454, at *2 (D.R.I. July 16, 2012) (dismissal for failure to exhaust state remedies is proper at Rule 4 preliminary review stage); cf. Brewer v. Marshall, 119 F.3d 993, 999 (1st Cir. 1997) ("[District court] has the authority to consider the procedural default issue sua sponte.")

Section 2254(b)(1) and (c) codifies the exhaustion requirement in habeas cases brought by state prisoners; that section provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State;
>
> * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The Supreme Court has explained that this section mandates that a state prisoner "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The petitioner bears a "heavy burden" to demonstrate satisfaction of the exhaustion requirement. Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011); Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002); Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997). Failure to shoulder this burden "is ordinarily fatal to the prosecution of a federal habeas case." Coningford, 640 F.3d at 482; see also Jackson v. Coalter, 337 F.3d 74, 86 (1st Cir. 2003).

The exhaustion doctrine requires a habeas petitioner to "fairly present" his federal constitutional claim to the state courts, "thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004); see also Fortini v. Murphy, 257 F.3d 39, 44 (1st Cir. 2001). The "substance" of the claim, Picard v. Connor, 404 U.S. 270, 278 (1971) – in other words, "both the factual and legal underpinnings of [the] claim," Nadworny v. Fair, 872 F.2d 1093, 1096 (1st Cir. 1989) – must be presented. See Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam).

In the present case, it is abundantly clear from the face of the Petition that the claims asserted by Petitioner were never fully exhausted because they remain on post-conviction review in the Rhode

Island Superior Court. The Petitioner repeatedly acknowledges in response to the questions posed in the Habeas Petition form that no judgment has entered in the State post-conviction relief proceedings. Indeed, as outlined above, Petitioner acknowledges that his claims are unexhausted; in response to the question, "If you did not exhaust your state remedies on Ground One, explain why." He provided similar responses to the same inquiry with respect to all of the grounds asserted in his Petition. (ECF No. 1 at pp. 5, 7, 9, 10). Therefore, Petitioner's claims are currently unexhausted, and the Petition should be dismissed without prejudice.

**Conclusion**

For the foregoing reasons, I recommend that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE. Because I recommend dismissal of the Petition, I also recommend that Petitioner's Motion to Proceed IFP (ECF No. 2) be DENIED AS MOOT.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 24, 2020